CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/13/2020
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| LYNCHBURG RANGE & TRAINING, LLC et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HON. RALPH S. NORTHAM et al., ) <br> ) <br> Defendants. ) <br> ) | Case No.  6:20CV00020 |

# NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Ralph S. Northam and Gary T. Settle hereby remove the above-captioned action from the Circuit Court for the City of Lynchburg (docket number CL20000333-00) to the United States District Court for the Western District of Virginia. The complaint is attached as **Exhibit 1**. The materials filed in support of the complaint and the application for temporary injunction are attached as **Exhibit 2**.

It is well settled that "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint," *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 22 (1983), or "by artfully casting their essentially federal law claims as state-law claims," *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981) (brackets, internal quotation marks, and citation omitted). That is precisely what Plaintiffs have attempted here.

Five days ago, Plaintiffs filed a lawsuit challenging the lawfulness of an executive order issued by Governor Ralph S. Northam that (among other things) temporarily closes indoor shooting ranges as well as many other businesses in response to the COVID-19 pandemic. See

**Exhibit 3**. Defendants exercised their right to a federal forum by removing the case to this Court and asserting federal jurisdiction under 28 U.S.C. §§ 1331 and 1367. See **Exhibit 4**. Less than two hours later, Plaintiffs dismissed the removed federal action, see **Exhibit 5**, and filed a new complaint in state court the next day.

Plaintiffs' re-filed complaint is nearly identical to their first. See **Exhibit 6** (redline comparison of both complaints). In both, Plaintiffs claim that Executive Order 53 violates "their constitutionally protected right to keep and bear arms." Ex. 1 ¶ 82; Ex. 3 ¶ 82. In both, Plaintiffs allege that the challenged order is *ultra vires* because the statute empowering the Governor to act in an emergency states that such orders may not infringe "the rights of the people to keep and bear arms as guaranteed by Article I, Section 13 of the Constitution of Virginia *or the Second Amendment of the Constitution of the United States*." Ex. 1 ¶ 41 (quoting Va. Code Ann. § 44-146.15(3)) (emphasis added); Ex. 3 ¶ 41 (same). In both, Plaintiffs claim that the challenged order is also "inconsistent with the federal government's designation of shooting ranges as essential critical infrastructure." Ex. 1, p. 23 (capitalization and emphasis removed); Ex. 3, p. 23 (same). Although Plaintiffs' re-filed complaint purports to disclaim seeking any "determination pursuant to . . . the Second Amendment," Ex. 1 ¶ 48 n.3, it candidly acknowledges that "the federal and Virginia constitutional provisions" protecting "the right to keep and bear arms generally have been viewed as having the same scope and meaning," *id.* ¶ 49; accord Ex. 3 ¶ 49 (same). And, just like the original complaint, in discussing the scope of the constitutional right to keep and bear arms (as opposed to the parallels between state and federal law), the re-filed complaint relies almost *exclusively* on federal court decisions construing the Second Amendment. See Ex. 1 ¶¶ 48–57; accord Ex. 3 ¶¶ 48–57 (same).

Plaintiffs' attempt to avoid removal by disclaiming their earlier request for relief under federal law while still asserting claims that are obviously based on and depend on federal law fails. Plaintiffs do not concede that the challenged executive order complies with the Second Amendment and federal law—indeed, the entire premise of the re-filed complaint remains that it does not. Artful pleading cannot change the character of Plaintiffs' suit any more than gamesmanship can defeat the jurisdiction of the federal courts. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND AND PROCEDURAL HISTORY

1. On April 7, 2020, Plaintiffs filed Case No. CL20000332-00 in the Circuit Court for the City of Lynchburg against the same two Defendants named here: Governor Ralph S. Northam and Colonel Gary T. Settle. In that complaint (attached as Ex. 3), Plaintiffs alleged that Executive Order 53's temporary restriction on the operation of indoor shooting ranges violated the right to keep and bear arms as protected by both the Virginia Constitution and the United States Constitution.

2. Counsel for Plaintiffs emailed a copy of their pleading to counsel for Defendants on April 8, 2020. That same day, Defendants removed Plaintiffs' first action to this Court. See Notice of Removal (ECF No. 1), No. 6:20-cv-00019-NKM (W.D. Va. Apr. 8, 2020) (attached as Ex. 4). Less than two hours after removal, Plaintiffs filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41. See Pls.' Notice of Voluntary Dismissal (ECF No. 2), No. 6:20-cv-00019-NKM (W.D. Va. Apr. 8, 2020) (attached as Ex. 5). At no point did Plaintiffs seek to remand the first removed action back to state court.[1]

---

[1] The Rule 41 ticket to voluntary dismissal is good for one ride only. See Fed. R. Civ. P. 41(a)(1)(B) ("[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a [second] notice of dismissal operates as an adjudication on the merits.").

3

3.      The next day, Plaintiffs re-filed their challenge in the Circuit Court for the City of Lynchburg as Case No. CL20000333-00. See Ex. 1. The re-filed complaint is a nearly verbatim copy of Plaintiffs' original complaint and continues to rely on Second Amendment jurisprudence throughout. A red-line comparison of the two complaints is attached as Exhibit 6.

## BASIS FOR FEDERAL QUESTION JURISDICTION

4.      Although the re-filed complaint cursorily insists that—unlike the previous one—it "do[es] not rely upon" federal law, Ex. 1 ¶ 48 n.3; see also ¶ 50, the rest of the document belies that assertion.

5.      Plaintiffs acknowledge that the "very little case law in the Virginia courts" has recognized that the right to keep and bear arms under state law is "coextensive" with the right protected under the Second Amendment. Ex. 1 ¶¶ 50–51; accord 1 A.E. Dick Howard, *Commentaries on the Constitution of Virginia* 274 (1974) ("The guarantees inhering in the first part of [Article I,] section 13, dealing with the right of the citizenry to bear arms in their own defense, are substantially identical to the rights founded in the Second Amendment. It was to the Second Amendment and its judicial interpretation that the 1969 legislative session [that adopted the current Virginia Constitution] looked in adding this language in section 13."). Indeed, the re-filed complaint refers to "the Second Amendment" *more than twenty times*.

6.      Consistent with binding Virginia case law, the re-filed complaint does not assert that the right to keep and bear arms protected by the state constitution provides more protection than that mandated by the federal. To the contrary, in describing the scope of the right they allege the Governor's executive order violates (as opposed to whether the state and federal protections are co-extensive), Plaintiffs rely almost *exclusively* on decisions by the Supreme Court and federal circuit courts about the meaning of the Second Amendment and specifically

note that those decisions have been "made applicable to the states under the Fourteenth Amendment." Ex. 1 ¶ 52 n.6 (citing *McDonald v. Chicago*, 561 U.S. 742 (2010)); see also *id.* ¶¶ 53–55 (citing and quoting case law from the Second and Seventh Circuits); *id.* ¶ 51 (quoting "a noted Second Amendment scholar"). Although Plaintiffs have made a handful of edits to their original complaint, those minimal redactions do nothing to change the character of their suit. See Ex. 6 (redline comparison of both complaints).

7. Plaintiffs' late-arriving assertions that they "seek no determination pursuant to" the Second Amendment, Ex. 1 ¶ 48 n.3, cannot change the fundamental nature of their claims. Because multiple authorities establish that the right to keep and bear arms under the Virginia Constitution is coextensive with the Second Amendment, see *id.* ¶¶ 49–50; para. 5, *supra*— which, under the Supremacy Clause, would supply a binding rule of decision whether or not the Virginia provision existed—any ruling under state law will necessarily depend on judicial interpretations of the Second Amendment that are already on the books and necessarily impact Second-Amendment jurisprudence that has yet to be written.

8. Other aspects of Plaintiffs' complaint continue to expressly rely on federal law as well. In articulating their statutory argument regarding the scope of the Governor's emergency authority, Plaintiffs cite a provision of the Commonwealth of Virginia Emergency Services and Disaster Law of 2000 that expressly refers to both "Article I, Section 13 of the Constitution of Virginia" *and* "the Second Amendment of the Constitution of the United States." Va. Code Ann. § 44-146.15(3).

9. Plaintiffs also invoke federal administrative guidance in support of their claims. Indeed, as with the original complaint, an entire section of the re-filed complaint is devoted to the argument that the challenged executive order "is inconsistent with" guidance from the United

5

States Department of Homeland Security. Ex. 1, p. 23 (capitalization and emphasis removed); *id.* pp. 23–25 (discussing and relying on Advisory Memorandum issued by the United States Department of Homeland Security); see also Ex. 2 (including as Exhibit E to complaint a full copy of the federal guidance).

10. Because the complaint necessarily relies on federal law, Plaintiffs' claims "aris[e] under the Constitution . . . of the United States" within the meaning of 28 U.S.C. § 1331. See *Lisenby v. Lear*, 674 F.3d 259, 262 (4th Cir. 2012) ("[R]emoval is appropriate if the face of the complaint raises a federal question." (quotation marks and citation omitted)); *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 303 (4th Cir. 2016) (state law cause of action "arise[s] under federal law . . . when the vindication of a right under state law necessarily turns on some construction of federal law" (quotation marks and citation omitted)); see also *Mendenhall v. City of Akron*, 374 Fed. Appx. 598, 599 (6th Cir. 2010) (affirming denial of motion to remand where complaint filed in state court "sought declaratory and injunctive relief invalidating [an] ordinance . . . as violative of both the federal and state constitutions").

11. The complaint also asserts that the challenged executive order exceeds the Governor's authority and violates the Virginia Constitution. See Ex. 1 ¶¶ 34–62. Because those claims challenge the same executive order and seek the same relief as Plaintiffs' right-to-bear-arms claim, the claims are "so related" that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). This Court therefore has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

**OTHER REQUIREMENTS FOR REMOVAL**

12. Counsel for Defendants received (by email, not by formal service) a copy of the initial pleading in this re-filed action on April 9, 2020. This Notice of Removal is thus timely

6

filed because it is being "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

13. The Lynchburg Division of the United States District Court for the Western District of Virginia encompasses the City of Lynchburg, where both the original and re-complaint were filed. This Court is therefore "the district and division within which such action is pending" pursuant to 28 U.S.C. § 1446(a).

14. As required by 28 U.S.C. § 1446(d), Defendants will "[p]romptly . . . give written notice" of the filing of this Notice of Removal to the Clerk of the Circuit Court for the City of Lynchburg and counsel for Plaintiffs. A copy of the notice that will be provided is attached as **Exhibit 7**.

15. Because Defendants "did not answer before removal," Defendants will "answer or present other defenses or objections under these rules" within the time period listed in Federal Rule of Civil Procedure 81(c)(2).

\*       \*       \*

Just like in their previous suit, Plaintiffs' current assertions that Executive Order 53 violates their right to keep and bear arms necessarily rest on Second Amendment jurisprudence. Plaintiffs cannot have it both ways. Unless Plaintiffs are willing to concede that the challenged executive order complies with the federal constitutional rules that would supply binding rules of decision in state and federal court regardless of what state law says, this case arises under federal law and may be heard in a federal forum.

## CONCLUSION

The case originally filed in the Circuit Court for the City of Lynchburg (Case No. CL20000333-00) is hereby removed to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. §§ 1441 and 1446. Defendants respectfully request that the action proceed in this Court as an action properly removed to it.

Dated: April 13, 2020  Respectfully submitted,

**HON. RALPH S. NORTHAM and
GARY T. SETTLE**

By: */s/ Toby J. Heytens*
Toby J. Heytens (VSB No. 90788)
Solicitor General
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7240 – Telephone
(804) 371-0200 – Facsimile
THeytens@oag.state.va.us

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2020, a true and accurate copy of the foregoing Notice of Removal was filed electronically with the Court's CM/ECF system. A copy of this Notice of Removal was also transmitted by both first-class mail and email to:

David G. Browne
Spiro & Browne, PLC
6802 Paragon Place, Suite 410
Richmond, VA 23230
dbrowne@sblawva.com

William J. Olson
Robert J. Olson
Herbert W. Titus
William J. Olson, P.C.
370 Maple Avenue, West, Suite 4
Vienna, Virginia 22180

114 Creekside Lane
Winchester, Virginia 22602
wjo@mindspring.com

*Counsel for Plaintiffs*

By: */s/ Toby J. Heytens*
Toby J. Heytens (VSB No. 90788)
Solicitor General
Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7240 – Telephone
(804) 371-0200 – Facsimile
THeytens@oag.state.va.us

*Counsel for Defendants*